UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARL DOUGLAS WELLS,

                Petitioner,

-against-

COMMISSIONER ANTHONY ANNUCCI,

                Respondent.

19-CV-3841 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Petitioner, currently incarcerated at Green Haven Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. Petitioner originally filed the submission in the United States District Court for the Northern District of New York, and that court transferred the matter here on April 24, 2019.[1] *See Wells v. Annucci*, No. 19-CV-3841 (LEK) (CFH) (N.D.N.Y. Apr. 24, 2019). By order dated May 1, 2019, the Court granted Petitioner's request to proceed *in forma pauperis*. As set forth below, the Court dismisses the petition without prejudice to Petitioner's filing a 28 U.S.C. § 2254 petition after exhausting all available state court remedies.

**STANDARD OF REVIEW**

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is

---

[1] Petitioner signed the petition on or about March 20, 2019.

obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**BACKGROUND**

This action arises out of Petitioner's detention at Rikers Island, where he awaited retrial after the Appellate Division, First Department, vacated his judgment of conviction.

The following facts are taken from the petition and publicly available state court records:

On December 19, 2006, Petitioner was indicted for two counts of robbery, held at Rikers Island, and on February 14, 2011, pleaded guilty to both counts in New York Supreme Court, New York County ("trial court"). (Pet. at 2); *see People v. Wells*, 14 N.Y.S.3d 6, 7 (1st Dep't 2015). In April 2011, the trial court sentenced Petitioner to concurrent terms of 20 years to life, and the Department of Corrections and Community Supervision (DOCCS) assumed custody of him, assigning him an identification number.

On July 7, 2015, the Appellate Division vacated his plea and remanded the matter to the trial court for further proceedings. *See Wells*, 14 N.Y.S.3d at 7. Around this time, DOCCS transported Petitioner from Green Haven Correctional Facility to Downstate Correctional Facility, where correctional staff gave him discharge papers to sign, returned his "surcharge money," and "deleted" his identification number. (Pet. at 4.)

Either following his release, or still while at Downstate Correctional Facility, correction officers from the New York City Department of Correction (NYC DOC) arrested Petitioner without a warrant or court order. (*Id.*) NYC DOC officers transported Petitioner to Rikers Island,

2

where he was on "remand" status pending his criminal proceedings in the trial court. (*Id.*) Petitioner remained at Rikers Island from July 25, 2015, until February 26, 2019, when the trial court, after his second conviction, resentenced him to 20 years to life.

Petitioner now asserts that DOCCS "falsely listed [him] as a state prisoner," provided him with a false time computation sheet, and failed to update his old identification number. (Pet. at 5.) He also asserts that NYC DOC falsely arrested him and falsely imprisoned him during his detention at Rikers Island from July 25, 2015, until February 26, 2019.

Petitioner now seeks "*habeas corpus*" relief.

According to DOCCS' public records, the state assumed custody of Petitioner on or about March 4, 2019, maintaining his old identification number.[2] DOCCS has calculated his earliest release date as November 10, 2029.

## DISCUSSION

**A.    Petitioner cannot seek release from his current custody based on the alleged illegality of his past custody at Rikers Island**

The United States district courts have jurisdiction to entertain petitions for *habeas corpus* relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a).

A *habeas corpus* petition brought under 28 U.S.C. § 2254 is the proper vehicle for a state prisoner who is in custody pursuant to the judgment of a state court and challenges the constitutionality of his custody, *see Cook v. New York State Division of Parole*, 321 F.3d 274, 278 (2d Cir. 2003); *James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002). In contrast, a petition brought under 28 U.S.C. § 2241 is generally the proper vehicle for a state prisoner who has *not yet* been

---

[2] Petitioner filed this petition after the state assumed custody of him.

3

convicted but argues that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States," § 2241(c)(3); *see Hoffler v. Bezio*, 726 F.3d 144, 146 (2d Cir. 2013) (assuming without deciding that § 2241 petition is the proper vehicle for state prisoner seeking to prevent New York from retrying him).

The United States Supreme Court has interpreted both *habeas* statutes as "requiring that the *habeas* petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).

Petitioner, who is now in state custody, brings this petition under § 2241, seeking release from his current custody based on his *previously* having been held in pretrial detention at Rikers Island. But because Petitioner has since been convicted and is now in state custody pursuant to a state court judgment of conviction, he may only be released from state custody by prevailing in a petition brought under § 2254. Whatever arguments Petitioner now advances about the legality of his pretrial detention at Rikers, those claims are mooted by his current state custody. Put simply, he no longer is in custody based on his open criminal case; he therefore may not seek *habeas corpus* relief under § 2241 for that past custody.

**B.     Petitioner must exhaust all available state court remedies before challenging the computation of his sentence**

To the extent Petitioner seeks to challenge the calculation of his sentence, Petitioner would need to file a petition for a writ of *habeas corpus* under § 2254, not 28 U.S.C. § 2241. *Cook*, 321 F.3d at 278-79; *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (challenges to the validity of prison administrative actions that affect the fact or length of the prisoner's confinement are properly brought under 28 U.S.C. § 2254). But before challenging the execution of his sentence, Petitioner must first exhaust all available state court remedies. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982).

4

To exhaust the execution of a sentence, after challenging the decision administratively with DOCCS, Petitioner must file an Article 78 petition under New York Civil Practice Law and Rules. *See, e.g.*, *Velez v. Annucci*, No. 10-CV-1485 (JKS), 2014 WL 316748, at *1 (N.D.N.Y. Jan. 28, 2014) (describing the petitioner's exhaustion of sentence computation claim); *Castro v. Rivera*, 69 A.D.3d 1000, 1000, (2010) (converting *habeas corpus* proceeding challenging sentence computation to an Article 78 proceeding).³ Petitioner must then appeal any adverse ruling on the Article 78 petition to the Appellate Division. *See Velez*, 2014 WL 316748, at *1; *Castro*, 69 A.D.3d at 1000. Should the Appellate Division affirm, Petitioner must then seek leave to appeal from the New York Court of Appeals. *See, e.g.*, *Bottom v. Goord*, 96 N.Y.2d 870, 870 (2001) (reversing Appellate Division affirmance of denial of Article 78 proceeding, seeking recalculation of jail-time credit, as time-barred).

Because Petitioner just learned of his sentence computation and could not have fully exhausted his state court remedies, the Court declines to construe the petition as brought under § 2254. After Petitioner has fully exhausted his state court remedies, he may file his § 2254 petition in this Court.

C. **Petitioner must exhaust all available state court remedies before challenging the underlying conviction**

Similarly, to the extent Petitioner challenges the 2019 judgment of conviction, he must first exhaust all available state court remedies. To exhaust his claims for purpose of *habeas corpus* review, Petitioner must wait for the Appellate Division to decide the outcome of his appeal. If Petitioner is adversely affected by that court's decision, he must seek leave to appeal to

---

³ Generally, a state *habeas corpus* petition would not be the proper vehicle to challenge a sentence computation when the prisoner is not entitled to immediate release from prison. *See, e.g.*, *People ex rel. Gonzalez v. Smith*, 104 A.D.2d 725, 725 (1984).

the New York Court of Appeals, the highest state court. N.Y. Crim. P. L. § 460.20; *see Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). If the petitioner files any N.Y. Crim. P. L. § 440.10 motions and/or other collateral motions, he must completely exhaust the claims in those motions by seeking leave to appeal to the Appellate Division, and the Court of Appeals. *Ramos v. Walker*, 88 F. Supp. 2d 233 (S.D.N.Y. 2000).

Because Petitioner was just sentenced and could not have fully exhausted his state court remedies, the Court declines to construe the petition as brought under § 2254.[4] After Petitioner has fully exhausted his state court remedies, he may file his § 2254 petition in this Court.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to the Petitioner, and note service on the docket. Petitioner's application for a writ of *habeas corpus* under 28 U.S.C. § 2241 is denied without prejudice to Petitioner's filing a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 after he has exhausted all available state court remedies.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[4] Ordinarily, the Court would provide Petitioner with the opportunity to withdraw the petition after notifying him that it is being construed as a § 2254 petition because he will have only one opportunity within the limitation period for a full adjudication of his claims. *See Cook v. New York State Div. of Parole*, 321 F.3d 274 (2d Cir. 2003).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: May 21, 2019
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.